386

Commonwealth *v.* Jackson, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*LeRoy Larner,* for appellant.

*Douglas B. Richardson, David Richman, Bonnie B. Leadbetter, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 23, 1974:

This is a direct appeal from the appellant's conviction of aggravated robbery and assault and battery, although the jury also found him not guilty of rape and aggravated assault and battery. On this appeal the defendant argues: (1) The evidence was insufficient to support the verdict; (2) The jury was improperly permitted to hear evidence of six prior robbery convictions; (3) The jury's findings of not guilty in the aggravated assault and battery charge, and guilty in the aggravated robbery charge were inconsistent.

## I.

We disagree with the appellant's first allegation of error and find that there was sufficient evidence to support the verdicts of guilty for aggravated robbery and assault and battery. The complainant testified that the appellant, a man she had known for some time prior to the incident, uninvitedly entered the house which she shared with her common law husband, two children and another man. Although the appellant had previously

lived with the complainant and engaged in consensual intercourse with her, the complainant testified that on this occasion the appellant beat her, raped her, and beat her again. Promising to return to "finish her off," the appellant left the bedroom and slammed the door so hard that it jammed, trapping the complainant inside. Immediately thereafter she heard the appellant rambling around in the front room of the house where the stolen items were located prior to the appellant's arrival. They were not there subsequently.

This evidence, while circumstantial in part, was clearly sufficient to support the jury's verdict of guilty of aggravated robbery and assault and battery.

## II.

In arguing that the testimony of the appellant's prior criminal convictions should have been excluded, the appellant cites *Commonwealth v. Bighum*, 452 Pa. 554 (1973), which established a balancing test to replace the former rule allowing impeachment by proof of all felonies and misdemeanors *crimen falsi*. See also *Luck v. U. S.*, 348 F. 2d 763 (D.C. Cir. 1965). However, *Bighum* is not applicable in the instant case for a variety of reasons.

First, the appellant himself brought the convictions into the case on *direct examination*. Since the trial court had indicated that it would allow the Commonwealth to introduce the convictions for the purpose of impeachment if the appellant testified, the appellant endeavored to salvage some tactical advantage by appearing to be repentant and forthright in admitting his past misdeeds on direct examination. His having volunteered the testimony, he cannot now complain about its admission into evidence. *Commonwealth v. McGrogan*, 449 Pa. 584 (1972) ; *Commonwealth v. Dessus*, 214 Pa. Superior Ct. 347 (1969).

Second, in his post-trial motions the appellant did not raise or argue the propriety of admitting the evidence of his previous convictions. It is well established that we will not consider issues raised on appeal which were not argued or otherwise preserved for appeal in the court below unless "policy or the interests of justice require a consideration and determination thereof." *Commonwealth v. Dessus*, 423 Pa. 177, 187 (1966). See also *Commonwealth v. Faison*, 437 Pa. 432 (1970). No such overriding policy or fairness interest appears to be present herein.

Third, the Supreme Court in *Bighum* recognized that, in light of *Spencer v. Texas*, 385 U.S. 554 (1967), proper instructions on the jury's use of evidence of prior criminal convictions to impeach the defendant's credibility will sufficiently vitiate the prejudicial effect of the evidence so that its admission will not offend against the due process clause of the constitution. Therefore, in modifying the judgment of sentence in *Bighum* the Court admittedly used its supervisory powers to limit the kinds of criminal offenses which may be introduced for impeachment. Since the decision rested on the supervisory powers of the Supreme Court, it is not retroactive. *Commonwealth v. Milliken*, 450 Pa. 310 (1973). Because *Bighum* is not retroactive, it is inapplicable to the instant case, the trial of which took place prior to the Supreme Court's decision in *Bighum*.

## III.

Lastly, the defendant's claim that he deserves a new trial because the jury's verdict was inconsistent is without merit. The jury may well have found that the complainant was beaten and robbed (aggravated robbery), but did not sustain the "grievous bodily injury" necessary for aggravated assault and battery. In any event, the law in Pennsylvania and the federal courts long has

been that inconsistencies in the jury's verdict do not require the granting of a new trial so long as the evidence was sufficient to support the guilty verdicts that the jury did return. *Commonwealth v. Carter,* 444 Pa. 405 (1971). See also Annot., 19 A.L.R. 2d 259, 270-74 (1969).

Judgment of sentence is affirmed.