644 A.2d 181

**COMMONWEALTH of Pennsylvania**

v.

**Jermaine HORTON, a/k/a Edward Jermaine Horton, Appellant.**

Superior Court of Pennsylvania.

Argued March 16, 1994.

Filed June 16, 1994.

---

480

Joseph D. Silvaggio, Pittsburgh, for appellant.

Maria V. Copetas, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before WIEAND, DEL SOLE and HUDOCK, JJ.

WIEAND, Judge:

Jermaine Horton was tried by jury and was found guilty of robbery, but not guilty of criminal conspiracy. Post-trial motions were denied, and Horton was sentenced to serve a term of imprisonment for not less than five (5) years nor more than fifteen (15) years. On direct appeal from the judgment of sentence, Horton argues that his conviction for robbery was contrary to the weight of the evidence. He contends also that his trial counsel was ineffective (1) for failing to develop

adequately the defense of duress; and (2) for failing to request a jury instruction which defined recklessness.

The evidence at appellant's trial was that on the evening of April 25, 1992, Gregory Holder had driven into the Broadhead Manor section of Pittsburgh to purchase crack cocaine. A group of four men, which included Jermaine Horton (the appellant), Rufus Carter and Gladius Lawrence, approached Holder's car.[1] According to Emma Campbell, an eyewitness, Gladius Lawrence handed a gun to Rufus Carter following a brief conversation among the four men and Holder. Then the entire group, except for Carter, backed away from Holder's car. Carter, while brandishing the gun, said to Holder, "give me the money." When Holder responded by attempting to back up his vehicle and drive away, Carter fired several shots at Holder, striking him in the head and chest and causing his death. According to Emma Campbell, Carter then pointed the gun in the direction of his companions and directed: "Get the money or I'll shoot." Upon hearing Carter issue this command, Horton, the appellant, approached Holder's car and searched Holder's shirt pocket. He found no money, however, and so informed Carter. The four men then fled from the scene. Appellant, however, later returned to the scene of the crime, where he was confronted by police. Upon being transported to police headquarters and being informed of his constitutional rights, appellant gave a statement in which he admitted being present when Carter shot the victim. He also told police that he had searched the victim's pocket for money at Carter's direction following the shooting. Appellant did not then say to police that he had been threatened by Carter. At trial, however, appellant testified that he had searched the victim's pocket for money because he was afraid he would be shot if he did not do as Carter had instructed.[2]

1. The Commonwealth presented no evidence identifying the fourth member of this group.

2. Appellant's testimony was that he had been dropped off by friends after a game of cards. A man named Doug Craighead had called him over to where the victim's car had been parked. Rufus Carter and Gladius Lawrence had been arguing with the victim. When Carter shot the victim, appellant said, Craighead and Lawrence ran away. He,

In reviewing appellant's challenge to the weight of the evidence, we apply the following principles:

"A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence." *Commonwealth v. Taylor, supra* 324 Pa.Super. [420] at 425, 471 A.2d [1228] at 1230 [ (1984) ]. The decision whether to grant a new trial on this basis rests within the discretion of the trial court. *Commonwealth v. Hunter,* 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989). "A trial court should award a new trial on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and [make] the award of a new trial [ ] imperative so that right may be given another opportunity to prevail." *Commonwealth v. Whitney,* 511 Pa. 232, 239, 512 A.2d 1152, 1155–1156 (1986). "The role of an appellate court in reviewing the weight of the evidence is very limited." *Commonwealth v. Sanders,* 426 Pa.Super. 362, 367, 627 A.2d 183, 185 (1993). "The purpose of that review is to determine whether the trial court abused its discretion and not to substitute [the reviewing] Court's judgment for that of the trial court." *Commonwealth v. Murray,* 408 Pa.Super. 435, 440, 597 A.2d 111, 114 (1991) (en banc). Accordingly, "[w]here the evidence is conflicting, the credibility of the witnesses is solely for the jury, and if its finding is supported by the record, the trial court's denial of a motion for new trial will not be disturbed." *Commonwealth v. Larew,* 289 Pa.Super. 34, 37, 432 A.2d 1037, 1038 (1981).

*Commonwealth v. Manchas,* 430 Pa.Super. 63, 71, 633 A.2d 618, 622–623 (1993).

■ In the instant case, appellant was charged with robbery in violation of 18 Pa.C.S. § 3701(a)(1)(i) and (ii), which provide as follows:

however, had been frozen with fear. Then, according to appellant, Carter had pointed the gun at him and said, "Get the money." It was because he had been afraid of Carter, appellant said, that he had searched the victim's body for money.

(1) A person is guilty of robbery if, in the course of committing a theft, he:

 (i) inflicts serious bodily injury upon another; [or]

 (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury. . . .

At trial, the Commonwealth posited that appellant had been guilty because he had been part of a conspiracy to rob the victim, or, at least, that he had acted as an accomplice by searching the victim's pockets for money at the direction of Carter. Appellant argues on appeal that, by acquitting him of the conspiracy charge, the jury found that he was not acting in concert with the others and did not possess a shared criminal intent with Rufus Carter and others to rob the victim. There-fore, appellant's argument continues, the jury disregarded the weight of the evidence by finding that he was guilty of robbery under an accomplice liability theory. There was no evidence, he argues, that he inflicted serious bodily injury upon the victim or threatened the victim with such injury, and the Commonwealth's own eyewitness indicated that he had been acting under duress when he searched the victim's pocket for money after being threatened at gunpoint by Rufus Carter. Under these circumstances, appellant urges, his conviction should be set aside as being contrary to the weight of the evidence.

It is well settled that "the law does not require consistency in criminal verdicts so long as the evidence is sufficient to support the guilty verdict rendered." *Commonwealth v. Troy,* 381 Pa.Super. 326, 333, 553 A.2d 992, 996 (1989), *allocatur denied,* 525 Pa. 626, 578 A.2d 413 (1990). See also: *Common-wealth v. Trill,* 374 Pa.Super. 549, 560, 543 A.2d 1106, 1111 (1988), *allocatur denied,* 522 Pa. 603, 562 A.2d 826 (1989); *Commonwealth v. Maute,* 336 Pa.Super. 394, 407, 485 A.2d 1138, 1145 (1984). In this regard, the Superior Court has observed:

 'The fault with appellant's argument is that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Carter,* 444 Pa. 405, 408, 282 A.2d 375, 376 (1971), quoting *Commonwealth*

*v. Parrotto,* 189 Pa.Super. 415, 422, 150 A.2d 396, 399 (1959). When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, "the court looks upon [the] acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Id.* **Accord:** *Commonwealth v. Strand,* 464 Pa. 544, 547, 347 A.2d 675, 676 (1975). Thus, consistency in a jury's verdicts in a criminal case is unnecessary, provided there is sufficient evidence to support the convictions the jury has returned, *Commonwealth v. Stegmaier,* 247 Pa.Super. 159, 371 A.2d 1376 (1977); *Commonwealth v. Dolny,* 235 Pa.Super. 241, 342 A.2d 399 (1975); *Commonwealth v. Jackson,* 230 Pa.Super. 386, 326 A.2d 623 (1974), and inconsistency in verdicts affords an accused no cause for relief, even though it may be difficult to reconcile the verdicts, *Commonwealth v. Kwatkoski,* 267 Pa.Super. 401, 406 A.2d 1102 (1979).'

*Commonwealth v. Purcell,* 403 Pa.Super. 342, 349–350, 589 A.2d 217, 221 (1991), *allocatur denied,* 529 Pa. 657, 604 A.2d 248 (1992), quoting *Commonwealth v. Shaffer,* 279 Pa.Super. 18, 21–22, 420 A.2d 722, 724 (1980). See also: *Commonwealth v. Boyles,* 407 Pa.Super. 343, 349–350, 595 A.2d 1180, 1183–1184 (1991), *allocatur denied,* 531 Pa. 651, 613 A.2d 556 (1992); *Commonwealth v. Anderson,* 379 Pa.Super. 589, 592–594, 550 A.2d 807, 809 (1988) (en banc).

The evidence introduced at trial was legally sufficient to support appellant's conviction for robbery. Appellant was part of a group of four men which approached the victim's car. After a brief conversation, one member of this group, Rufus Carter, demanded money from the victim at gunpoint. When the victim did not comply with Carter's directive, he was shot by Carter. Following the shooting, appellant, at Carter's direction, searched through the victim's pocket for money. From these facts, the jury could infer that appellant had been acting as Carter's accomplice in the robbery of Gregory Holder.

█ That the jury rejected appellant's defense of duress was not shocking to the trial court's sense of justice, and our

review of the record discloses no basis for determining that the trial court committed an abuse of discretion in this regard. The defense of duress is defined by statute as follows:

(a) **General rule.**—It is a defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist.

(b) **Exception.**—The defense provided by subsection (a) of this section is unavailable if the actor recklessly placed himself in a situation in which it was probable that he would be subjected to duress....

18 Pa.C.S. § 309. "The three elements which must be shown to establish a duress defense are: (1) an immediate or imminent threat of death or serious bodily injury; (2) a well grounded or reasonable fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm except by committing the criminal act." *Commonwealth v. Morningwake*, 407 Pa.Super. 129, 140, 595 A.2d 158, 164 (1991), *allocatur denied*, 529 Pa. 618, 600 A.2d 535 (1991). The evidence in the instant case was such that the jury could reasonably conclude that appellant had recklessly placed himself in a position in which he would be subjected to duress, or, that he had failed to withdraw from the situation despite having had one or more opportunities to do so prior to the commission of the crime. Our review of the record, therefore, provides no support for appellant's contention that the jury's verdict finding him guilty of robbery was contrary to the weight of the evidence.

"Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant." *Commonwealth v. House*, 371 Pa.Super. 23, 28, 537 A.2d 361, 363 (1988). The standard used to evaluate claims of ineffective assistance of counsel has been stated by the Pennsylvania Supreme Court in the following manner:

The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms

the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell*, 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the defendant establish how counsel's commission or omission prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

*Commonwealth v. Durst*, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989). In order to demonstrate prejudice under this standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). See: *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

 Appellant argues that his trial counsel was ineffective for failing to develop fully his defense of duress by calling witnesses who would have bolstered that defense. In order to prevail upon a claim that counsel was ineffective for failing to call witnesses on his behalf, appellant is required to establish that: (1) the witnesses existed; (2) such witnesses were available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witnesses; (4) the witnesses were willing to testify for the defense; and (5) the absence of the testimony of such witnesses was so prejudicial as to have denied him a fair trial. See: *Commonwealth v. Petras*, 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987). See also: *Commonwealth v. Stanley*, 534 Pa. 297, 299–300, 632 A.2d 871, 872 (1993); *Commonwealth v. Gillespie*, 423 Pa.Super. 128, 132, 620 A.2d 1143, 1145 (1993).

Here, appellant has alleged only that witnesses were available to testify for the defense. He has not identified these

alleged witnesses, nor has he set forth the substance of the testimony the witnesses would have given and how it would have aided his defense. It is well settled that a defendant asserting a claim of ineffective assistance of counsel must make an offer of proof "alleging sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Durst, supra,* 522 Pa. at 5, 559 A.2d at 505. See also: *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Here, appellant has not met this requirement. The omission is fatal to his claim that counsel was ineffective for failing to call additional witnesses at his trial. See: *Commonwealth v. Thomas,* 372 Pa.Super. 349, 364, 539 A.2d 829, 837 (1988), *allocatur denied,* 520 Pa. 604, 553 A.2d 967 (1988); *Commonwealth v. Stinnett,* 356 Pa.Super. 83, 88, 514 A.2d 154, 157 (1986). "Counsel will not be found ineffective in a vacuum, and [an appellate court] will not consider claims of ineffectiveness without some showing of a factual predicate upon which counsel's assistance may be evaluated." *Commonwealth v. Thomas, supra.*

■ Appellant's remaining claim of ineffectiveness of trial counsel is not so easily dismissed. It is appellant's contention that counsel was constitutionally ineffective for failing to request and/or object to the absence of a definition of recklessness in the trial court's jury instruction on duress. The provisions of 18 Pa.C.S. § 309(b) make the defense of duress unavailable if a defendant has recklessly placed himself in a situation in which it was probable that he would be subjected to duress. The Commonwealth concedes that there is arguable merit in appellant's contention that recklessness should have been defined for the jury but argues nonetheless that the outcome of appellant's trial would have been the same even if the jury had been properly instructed as to the legal definition of "recklessly."

The Superior Court previously addressed an almost identical claim of ineffective assistance of counsel in *Commonwealth v. Knight,* 416 Pa.Super. 586, 611 A.2d 1199 (1992), *allocatur denied,* 533 Pa. 657, 625 A.2d 1192 (1993). There, the Court held that when the defense of duress has been raised by the

defendant, the jury should be instructed as to the legal definition of the term "recklessly" as set forth at 18 Pa.C.S. § 302.[3] Such an instruction, the Court observed, is essential for the jury to understand and apply the exception to the defense of duress at 18 Pa.C.S. § 309(b), and to make clear that recklessness is not synonymous with mere negligence on the defendant's part in placing himself in a position where he would be subjected to duress. In this regard, the *Knight* Court observed that in a jury instruction on the defense of duress, the absence of the definition of "recklessly":

> leaves the jury adrift on the seas of uncertainty, depriving them of a rudder which will inform their decision instead of their own potentially idiosyncratic conception of the word. A trial court instruction is especially important given the context of when a jury must often decide whether a defendant "recklessly" placed himself in a situation where duress was probable. As both the Model Penal Code Commentary and Reporter Toll note, the jury will have to consider whether subsection (b) applies where a defendant is connected with some type of criminal activity. Left to their own devices, there is the potential that the jury will assume that **any** criminal activity constitutes recklessness needed to obviate the defense, despite the fact that it is clear that more than negligence is needed in the case **sub judice.** It is incumbent on a trial court in a jury instruction of duress to make clear that a criminal defendant has to consciously create the risk of becoming subject to duress. We conclude that it is incumbent on a trial court to define "recklessly" when instructing a jury as to the exception to the duress defense.

**3.** "Recklessly" is defined in the Crimes Code in the following manner:

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).

*Commonwealth v. Knight, supra* at 598–599, 611 A.2d at 1206. Therefore, the Court found arguable merit in the defendant's contention that his trial counsel had been ineffective for failing to object to the deficiency in the trial court's jury instructions. We agree with both appellant and the Commonwealth that the reasoning in *Knight* is applicable in the instant case and that appellant, therefore, has presented a claim of ineffectiveness which contains arguable merit.

Despite finding arguable merit in the defendant's claim, the Court in *Knight* ultimately concluded that there had been no prejudice to the defendant as a result of the absence of the definition of recklessness from the trial court's jury charge. The Superior Court held that there was no reasonable probability that the verdict would have been different if the jury had been correctly instructed. The *Knight* Court observed that the defendant's testimony in support of a duress defense had been contradictory and had "the appearance of being contrived." *Commonwealth v. Knight, supra* at 600, 611 A.2d at 1206. The Court further observed that the defendant's claim that he acted under duress had been largely uncorroborated by any other evidence.

In the instant case, however, the defense does not appear contrived but was supported by testimony given by the Commonwealth's eyewitness. She observed that Rufus Carter had pointed his gun in appellant's direction while issuing a command to get the money from the victim. Except for testimony that appellant had searched the victim's pocket for money at Carter's direction, there was no direct evidence that he had participated in any way in the robbery of Gregory Holder. Under these circumstances, it was crucial that the jury be fully and adequately instructed on the defense of duress.[4] This required a definition of recklessness, so that the jury could properly determine whether appellant had recklessly placed himself in a position where it was probable that he

4. After retiring to deliberate, the jury requested further explanation regarding "the law on robbery in reference to duress." In response to this inquiry, the trial court repeated the same instructions it had given during its general charge but again failed to define the element of recklessness.

would be subjected to duress by Rufus Carter. Under the circumstances presented in the instant case, therefore, we cannot conclude, as did the Court in *Knight,* that there is no reasonable probability that the result of appellant's trial would have been different had the jury been properly instructed on the defense of duress.

Having determined that appellant has presented an arguably meritorious claim of ineffectiveness, our normal course would be to remand for an evidentiary hearing so that a determination could be made as to whether there was any reasonable basis for trial counsel's act or omission. See: *Commonwealth v. Edmiston,* 535 Pa. 210, 239, 634 A.2d 1078, 1092 (1993); *Commonwealth v. Petras, supra.* The Supreme Court has declared, however, that "[w]here the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as ... the ordering of a new trial, granted." *Commonwealth v. Turner,* 469 Pa. 319, 324, 365 A.2d 847, 849 (1976) (footnote omitted). See also: *Commonwealth v. Manhart,* 349 Pa.Super. 552, 558, 503 A.2d 986, 989 (1986), *allocatur denied,* 515 Pa. 567, 526 A.2d 1189 (1987); *Commonwealth v. Nauman,* 345 Pa.Super. 457, 464, 498 A.2d 913, 916 (1985).

Instantly, we can perceive no reasonable basis for trial counsel's failure to request, or object to the absence of, a full and adequate jury instruction on the defense of duress. This, as the Court in *Knight* held, included the definition of "recklessly" as it pertained to the exception to the defense of duress set forth at 18 Pa.C.S. § 309(b). Having raised the defense of duress on appellant's behalf, it was counsel's duty to ensure that the jury was correctly instructed thereon. "To fail in this respect was so unreasonable that it must be equated with constitutionally ineffective assistance." *Commonwealth v. Brunner,* 341 Pa.Super. 64, 70, 491 A.2d 150, 153 (1985). See also: *Commonwealth v. Gainer,* 397 Pa.Super. 348, 355–356, 580 A.2d 333, 336–337 (1990) (en banc), *allocatur denied,* 529 Pa. 645, 602 A.2d 856 (1992); *Commonwealth v. Nauman,*

*supra,* 345 Pa.Super. at 463–464, 498 A.2d at 916. Therefore, a new trial is necessary.

The judgment of sentence is reversed, and the case is remanded for a new trial.