J-S02015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAVARYEA TAYLOR | : | |
| | : | |
| Appellant | : | No. 1125 EDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014476-2011

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    Filed: April 8, 2021

Appellant, Shavaryea Taylor, appeals from the post-conviction court's March 5, 2020 order, dismissing as meritless his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court has previously summarized the facts of this case as follows:

On September 6, 2011, [Appellant] and his three co-conspirators robbed a pizza delivery[]man at gunpoint.  The co-conspirators had placed a phone order to Memo's Pizza in West Philadelphia[,] and requested food be delivered to a row home located at 105 Cecil Street.  When the delivery man exited his car to bring the order to the home, [Appellant] and his co-conspirators approached him and demanded the food.  [Appellant] took a gun from one of the co-conspirators and pointed it at the delivery man while another conspirator took approximately $36.00 worth of food from the victim.  At a jury trial, the Commonwealth presented evidence that [Appellant] had committed two similar robberies in August 2011, both involving phoning in food orders and then robbing the delivery persons at gun point.

> [Appellant] was convicted by a jury of [robbery, 18 Pa.C.S. § 3701(a)(1)(iii), conspiracy to commit robbery, 18 Pa.C.S. § 903(c), firearms not to be carried without a license, 18 Pa.C.S. § 6106(a)(1), carrying a firearm in public in Philadelphia, 18 Pa.C.S. § 6108, and possession of an instrument of crime (PIC), 18 Pa.C.S. § 907(a)]. On November 26, 2013, the court sentenced [Appellant] to the Commonwealth's recommended sentence of [eight]-[twenty] years' imprisonment for the robbery conviction, with concurrent terms of ten years' probation on the conspiracy conviction, a seven-year term of probation for carrying a firearm without a license, and two terms each of five years' probation for PIC and the remaining firearm offense.

*Commonwealth v. Taylor*, 2018 WL 5317555, at *1 (Pa. Super. filed Oct. 29, 2018).

Following sentencing, Appellant did not file a direct appeal. However, Appellant later filed a PCRA petition seeking reinstatement of his direct appeal rights, and the lower court reinstated his direct appeal rights *nunc pro tunc* on October 17, 2016. On direct appeal, this Court affirmed his judgment of sentence, *see Commonwealth v. Taylor*, 200 A.3d 607 (Pa. Super. 2018), and our Supreme Court subsequently denied his petition for allowance of appeal on March 18, 2019. *Commonwealth v. Taylor*, 204 A.3d 920 (Pa. 2019).

On May 20, 2019, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition on September 26, 2019. On January 8, 2020, the Commonwealth filed a motion to dismiss. On January 9, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, and Appellant did not file a response. On March 5, 2020, the PCRA court dismissed the petition as meritless. On April 2, 2020,

Appellant filed a timely notice of appeal. The PCRA court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but he filed one anyway. Thereafter, the PCRA court issued a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence established that trial counsel was ineffective for failing to investigate and present an available alibi defense, as well as failing to file and litigate appropriate pre-trial motions.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [A]ppellant's constitutional right to due process because the conviction was based upon evidence that did not prove his guilt beyond a reasonable doubt.

3. Whether the PCRA court erred by dismissing [A]ppellant's petition for post-conviction relief when newly discovered[,] clear and convincing evidence was presented that firmly established an alibi defense that would have exonerated [A]ppellant had it been introduced at trial.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief at 8.

Before delving into Appellant's issues, we note that our standard of review regarding an order denying post-conviction relief is whether the findings of the court are "supported by the record and free of legal error." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted).

### First Issue

- 3 -

In Appellant's first issue, he argues that the PCRA court "erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to investigate and present an available alibi defense, as well as failing to file and litigate appropriate pre-trial motions." Appellant's Brief at 12 (unnecessary emphasis omitted). Where a petitioner claims that he or she received ineffective assistance of counsel, as Appellant does here, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (internal citations omitted). Further, "[i]n order to prevail upon a claim that counsel was ineffective for failing to call witnesses on his [or her] behalf, [an] appellant is required to establish that: (1) the witnesses existed; (2) such witnesses were available to testify for the defense; (3) counsel knew of, or should have

known of, the existence of the witnesses; (4) the witnesses were willing to testify for the defense; and (5) the absence of the testimony of such witnesses was so prejudicial as to have denied him [or her] a fair trial." ***Commonwealth v. Horton***, 644 A.2d 181, 185 (Pa. Super. 1994) (citations omitted).

Aside from setting forth boilerplate case law pertaining to ineffectiveness, Appellant's argument on this claim consists of the following:

> Trial counsel's failure to file and litigate pretrial motions to suppress the physical evidence and the identification evidence directly conflicts with [A]ppellant's Fourth and Sixth Amendment rights. Additionally, trial counsel's failure to conduct a reasonable pretrial investigation also violated [A]ppellant['s] … constitutional right to due process, thereby establishing arguable merit. Counsel's decision and failures had no reasonable basis to advance the interest of [A]ppellant. The tactics utilized by counsel were never explained to [A]ppellant…. Therefore, both prongs of the ineffectiveness test are established for this claim.

> Trial counsel also failed to investigate evidence that would provide a valid alibi defense, thus satisfying the arguable merit requirement. Counsel failed to identify or locate any witnesses, and never offered an alibi defense. Trial counsel offered no explanation to [A]ppellant … as to his decision to not present an alibi defense, nor search for witnesses. No claim of strategy may be made by counsel, and the reasonableness prong is satisfied.

> ***

> Trial counsel's failure to file and litigate pretrial motions to suppress the physical evidence and the identification evidence certainly had an adverse effect on the outcome of the trial. Appellant … was detained by police without reasonable suspicion and searched without probable cause. The circumstances surrounding the out-of-court identification of [A]ppellant were unduly suggestive and there was no reasonable independent basis for the in-court identification. The identification and the physical evidence, a gun, were obtained in violation of [A]ppellant's constitutional rights and would have been suppressed had counsel

litigated these motions. Additionally, trial counsel's decision to not provide an alibi defense had a significantly adverse effect on the outcome of the trial. An alibi witness would have testified that [A]ppellant was in another location, far from the crime scene, at the time[] of the alleged incident. The alibi evidence would have established [A]ppellant's innocence. Because [A]ppellant … was denied the opportunity to present evidence that would establish his innocence, a reliable determination of guilt was not made at trial.

\*\*\*

Appellant … established that a reliable determination of guilt was not made at trial because counsel failed to move to suppress evidence, investigate[,] and present evidence beneficial to the defense, and neglected to present an alibi defense. Each of these facts adversely affected the trial for [A]ppellant, and sufficiently satisfied the prejudice prong. Since each of [A]ppellant's claims had arguable merit, none of counsel's actions were reasonably designed to advance [A]ppellant's interest, and counsel's omissions adversely affected the outcome of the trial, counsel's ineffectiveness was firmly established. Appellant … was entitled to have his judgment of sentence vacated and deserved a new trial on counsel's ineffectiveness, and the PCRA court erred by dismissing the petition.

Appellant's Brief at 13-14.

As the Commonwealth discerns, Appellant's argument is incredibly vague and undeveloped. *See* Commonwealth's Brief at 4, 8-9. Regarding his claim that trial counsel was ineffective in failing to file pretrial motions to suppress physical and identification evidence, Appellant does not discuss the circumstances surrounding this evidence or provide any background on it. He also neglects to meaningfully explain why such evidence purportedly conflicted with his constitutional rights and why it would have been suppressed had counsel sought such relief. Similarly, with respect to his alibi claim, Appellant does not articulate *how* trial counsel neglected to investigate evidence that

- 6 -

would have provided a valid alibi defense. He fails to identify which alibi witnesses trial counsel should have pursued, not detailing whether such witnesses even existed at that time or were available. He also makes no specific argument that trial counsel was aware, or should have been aware, of them. Given the inadequate analysis advanced by Appellant, we cannot review this issue and deem it waived. *In re M.Z.T.M.W.*, 163 A.3d 462, 465 (Pa. Super. 2017) ("It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority.") (citations omitted); *Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. … [M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.") (internal quotation marks, citations, and brackets omitted).

**Second Issue**

In Appellant's second issue, he argues that the PCRA court "erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [A]ppellant's constitutional right to due process because the conviction was based upon evidence that did not prove his guilt beyond a reasonable doubt." Appellant's Brief at 14 (unnecessary emphasis omitted). His entire argument on this issue is comprised of the following:

Appellant was also entitled to relief under [42 Pa.C.S. §] 9543(a)(2)(i)[1] based on violations of his [c]onstitutional rights that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[."] Appellant's constitutional claims cannot be deemed waived by counsel's failure to raise the issues at trial. Ineffectiveness of counsel will excuse waiver at trial because the defendant has the constitutional right to counsel in such a proceeding. *Commonwealth v. Christy*[,] 656 A.2d[] 877 (Pa. 1995). The afore-mentioned constitutional violations, beyond establishing a basis to establish counsel's ineffectiveness, constitute a basis for relief under Section 9543(a)(2)(i). The Fourth Amendment, Sixth Amendment, and [d]ue [p]rocess violations each separately implicated and undermined the truth determining process and warranted relief under this section. Appellant's due process rights were also violated at trial by the Commonwealth's failure to prove each element of the crimes charged beyond a reasonable doubt. *Commonwealth v. Hanes*[,] 579 A.2d[] 920 (Pa. Super[.] 1990). Specifically, the testimony of the complaining witness was unsupported by any factual evidence. The prosecution never offered any corroborating evidence, and no physical evidence was presented to support the claim.

Appellant's Brief at 14.

Again, we deem this claim waived. For the reasons set forth *supra*, Appellant's arguments surrounding the purported Fourth Amendment, Sixth Amendment, and due process violations are too unclear and undeveloped to address. Further, his assertion that the Commonwealth failed to prove each element of the crimes charged beyond a reasonable doubt is not adequately

_____

[1] Section 9543(a)(2)(i) provides that "the petitioner must plead and prove by a preponderance of the evidence … [t]hat the conviction or sentence resulted from … [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i).

fleshed out for our review. In a conclusory fashion, he contends that "the testimony of the complaining witness was unsupported by any factual evidence. The prosecution never offered any corroborating evidence, and no physical evidence was presented to support the claim." *Id.* His argument contains no references to the record or specific discussion of the evidence adduced at trial. And, again, he cites only boilerplate case law in support of his claims. Accordingly, we also deem this issue waived. *In re M.Z.T.M.W.*, *supra*; *Coulter*, *supra*.

### Third Issue

In Appellant's third issue, he insists that "[t]he PCRA court erred by dismissing [his] PCRA petition when newly discovered[,] clear and convincing evidence was presented that firmly established an alibi defense that would have exonerated [A]ppellant had it been introduced at trial." Appellant's Brief at 15 (unnecessary emphasis omitted). With respect to after-discovered evidence, this Court has explained that, "[i]n order to obtain relief on a substantive after-discovered evidence claim, a petitioner must demonstrate that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." *Commonwealth v. Diggs*, 220 A.3d 1112, 1117 (Pa. Super. 2019) (citation omitted); *see also* 42 Pa.C.S. § 9543(a)(2)(vi) (stating that a petitioner is eligible for relief under the PCRA, where he or she proves by a preponderance

of the evidence, that the conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced").

Here, Appellant argues:

Despite [A]ppellant's repeated requests for counsel to investigate potential alibi witnesses, counsel failed to identify or locate anyone. Because [A]ppellant was incarcerated during the entire pre-trial period, he could not personally exercise the reasonable diligence to identify and locate an alibi witness. After [A]ppellant was convicted at trial, the alibi witness came forward and became available. The witness stated unequivocally that she would testify at an evidentiary hearing and she would have testified at trial to establish [A]ppellant's whereabouts during the alleged crime. Ms. Shakira Stewart would have testified that [A]ppellant was present at her home on North Robinson Street during the time of the alleged incident. Ms. Stewart was also willing and available to testify at an evidentiary hearing. A certified summary of her witness statement was attached as an exhibit to [A]ppellant's amended PCRA petition.[2] The statement and her proposed testimony satisfied each of the requirements and qualified as "after discovered evidence" under the PCRA. The evidence was obtained after trial and could not have been obtained at trial through reasonable diligence. Counsel's ineffectiveness cannot

---

[2] That exhibit states the following:

**STATEMENT SUMMARY OF SHAKIRA STEWART**

Ms. Shakira, of 353 N. Robinson Street, Philadelphia[,] PA, 19139, will testify at an evidentiary hearing that [Appellant] was present with her at her home during the period of the alleged robbery. Ms. Stewart's date of birth is October 8, 1991. Ms. Stewart will also testify that she would have testified to this same information during [Appellant's] trial, but was not subpoenaed, contacted[,] or called as a witness.

Amended Petition, 9/26/19, at Exhibit A. Ms. Stewart did not sign this statement.

disqualify the evidence since [A]ppellant's constitutional right to counsel was denied. The newly[-]discovered evidence was not cumulative, as no other evidence of alibi was presented at trial.

The evidence was not being used to impeach the credibility of any witness, and most importantly, it established [A]ppellant's innocence and would have compelled the jury to render a different verdict. Appellant was entitled to a new trial based on the newly[-]discovered alibi evidence, and the PCRA court erred by dismissing the claim for relief pursuant to Section 9543(a)(2)(vi).

Appellant's Brief at 15-16.

This argument is meritless. Appellant has not demonstrated that this alibi evidence was discovered after trial and could not have been obtained at, or prior to, trial through reasonable diligence. Appellant says that Ms. Stewart "will testify at an evidentiary hearing that [Appellant] was present **with her** at her home during the period of the alleged robbery." Amended Petition, 9/26/19, at Exhibit A (emphasis added). However, as the Commonwealth points out, Appellant does not sufficiently explain why Ms. Stewart had not been available at the time of trial, and why she 'came forward and became available' only after his conviction. Appellant also does not articulate why, if he was **with her** at her house at the time of the robbery, he did not disclose her identity to trial counsel or otherwise seek her alibi testimony sooner.[3] As the Commonwealth discerns, Appellant "would have had to have known that he was with Ms. Stewart on the night of the robbery (if he really was with her), and thus, her testimony cannot be new evidence." Commonwealth's

---

[3] The Commonwealth correctly notes that, in Appellant's earlier ineffectiveness argument, he "only claims that he requested counsel to investigate potential alibi witnesses, but he does not specify that he informed counsel about Ms. Stewart in particular." Commonwealth's Brief at 10 (citation omitted).

- 11 -

Brief at 12.   Accordingly, we reject Appellant's after-discovered-evidence claim.   No relief is due on this basis.

**Fourth Issue**

Last, in Appellant's fourth issue, he advances that the PCRA court erred by failing to grant an evidentiary hearing.   He avers that he "raised significant claims of trial counsel's ineffectiveness.   The claims were legitimate, based on fact[,] and supported by legal precedent."   Appellant's Brief at 16.   He also asserts, without any elaboration, that "[t]he PCRA court's determination of a total lack of merit was never specifically stated or supported in the court's opinion submitted to the Superior Court.   The PCRA court offered no analysis to indicate that every conceivable legitimate benefit was given to each claim raised by [A]ppellant."   *Id.*

"It is well settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (citation, internal quotation marks, and original brackets omitted).   "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."   *Id.* (citation omitted).   Here, having determined that all of Appellant's preceding issues are waived or meritless, he has not demonstrated that he raised a genuine issue of fact which, if resolved

in his favor, would have entitled him to relief.  He also does not convince us that the PCRA court otherwise abused its discretion in denying him an evidentiary hearing.  Thus, Appellant's fourth issue also fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/21