**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Danny H. ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 30, 2007.
Filed Oct. 31, 2007.

William Ruzzo, Public Defender, Wilkes–Barre, for appellant.

David W. Lupas, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

BEFORE: TODD, KELLY and JOHNSON, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Danny H. Robinson, appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County following a jury trial and conviction of robbery and simple assault. Appellant argues that theft is a predicate offense of robbery, and because he was separately charged with but acquitted of theft, his robbery conviction cannot stand. We reject this reasoning and affirm the judgment of sentence.

¶ 2 On October 19, 2006, Appellant stood trial for one count each of robbery, simple assault, theft by unlawful taking, and terroristic threats. The primary witness for the Commonwealth testified that Appellant entered the bar where she is a bartender, approached her, held a gun to her neck and demanded that she "empty the register." (N.T. Trial, 10/19/06, at 35). She

gave Appellant approximately $200 and he then demanded liquor. (*Id.* at 39, 41). She gave Appellant a bottle of liquor and he left the bar. (*Id.*)

¶ 3 The jury found Appellant guilty of robbery and simple assault, but not guilty of theft and terroristic threats. Appellant filed a post-trial motion for judgment of acquittal or new trial on October 30, 2006, and on November 30th the trial court denied the motion after a hearing. Also on that day, the trial court sentenced Appellant to 102–204 months' imprisonment on the robbery conviction; the simple assault conviction merged with robbery for sentencing. Appellant filed a timely notice of appeal on December 14th.

¶ 4 Although styled as a request for resentencing,[1] the nature of the challenge raised by Appellant is that the evidence was insufficient to support the conviction of robbery. He argues that in light of *Commonwealth v. Magliocco*, 584 Pa. 244, 883 A.2d 479 (2005), and *Commonwealth v. Austin*, 906 A.2d 1213 (Pa.Super.2006), *appeal denied*, 591 Pa. 721, 920 A.2d 830 (2007), the trial court improperly denied his motion for judgment of acquittal. His argument is based on the proposition advanced in his "Question Presented," that theft is a "predicate offense" of robbery, and because the jury acquitted him of theft, the conviction of robbery cannot stand. (Appellant's Brief at 2). This argument fails as its central premise is incorrect; the elements of theft need not be proved to support a conviction for robbery.

¶ 5 "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Weston*, 561 Pa. 199, 749 A.2d 458 (2000). "For questions of law, our scope of review is plenary." *Common-*

*wealth v. Jackson*, 592 Pa. 232, 924 A.2d 618 (2007). "In reviewing a sufficiency challenge, a court determines whether the evidence, viewed in the light most favorable to the verdict winner, is sufficient to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Id.*

¶ 6 "As long as the evidence was sufficient to support a conviction for robbery, the jury's verdict of not guilty on the charge of theft does not entitle appellant to any relief." *Commonwealth v. Lloyd*, 376 Pa.Super. 188, 545 A.2d 890, 892 (1988). "Consistency in a jury's verdicts in a criminal case is unnecessary, provided there is sufficient evidence to support the convictions the jury has returned." *Commonwealth v. Horton*, 434 Pa.Super. 478, 644 A.2d 181, 184 (1994). "Inconsistency in verdicts affords an accused no cause for relief, even though it may be difficult to reconcile the verdicts." *Id.* However, this Court recognized in *Austin, supra,* that *Magliocco, supra,* "indicates that reliance upon general principles of law as they relate to inconsistent verdicts may not suffice ... with respect to the effect of an acquittal of a predicate offense upon a conviction of the greater offense." *Austin, supra* at 1217. Even so, *Magliocco, supra,* is readily distinguishable from the instant case and does not control.

¶ 7 In *Magliocco, supra,* the appellant argued that because he was acquitted of terrorist threats, the evidence was insufficient to convict him of ethnic intimidation. *Id.* at 489. The Pennsylvania Supreme Court held that the acquittal of terroristic threats necessarily compelled an acquittal on the ethnic intimidation charge because

---

1. The relief Appellant specifically requests is remand for resentencing. (Appellant's Brief at 10). However, the arguments raised in his brief challenge the denial of his post-trial motion for acquittal or new trial, and in substance attack the sufficiency of the evidence regarding the robbery conviction.

the "commission" of terroristic threats was a **"specific statutory element** of another charged offense." *Id.* at 493 (emphasis added).[2] The Court reasoned that because "the fact finder specifically found that Magliocco did not commit the offense of terroristic threats," the conviction for the greater offense could not stand. *Id.*

¶ 8 This Court considered the effect of *Magliocco* on a felony murder conviction in *Austin, supra.* The appellant in *Austin* argued that *Magliocco* required an acquittal of a felony murder charge once the jury acquitted him of robbery. *Id.* at 1216. We distinguished the felony murder statute from the ethnic intimidation statute at issue in *Magliocco:*

> Ethnic intimidation required that the predicate offense be "committed" with malicious intent toward the race of an individual or group of individuals whereas felony murder requires that one kill another while "engaged in the perpetration of a felony." ... [T]he term "commits" is more restrictive than the phrase "engaged in the perpetration of a felony." The term "commit," or its variation "commission," connotes the completion of the offense whereas the term "engaged in the perpetration of" suggests that mere participation in a crimi-

nal attempt will suffice ... Thus, by definition, **in order to convict for felony murder it is not essential that the jury find that the predicate offense was actually completed.**

*Id.* at 1220 (emphasis added). We also discussed the language of the robbery statute [3] with an eye toward the effect of *Magliocco* on the element of theft:

> The offense of robbery presents a unique question vis-à-vis the *Magliocco* holding because the offense of robbery is broadly worded and, similar to felony murder, also contains a predicate offense, that offense being theft ... Like felony murder, **robbery does not require the completion of the predicate offense, theft,** but it does require that force be utilized or threatened while **in the course of committing a theft** ... The effect of this language is that an acquittal of robbery does not merely translate into the jury's finding that the offense had not been completed, i.e., that the contemplated theft was not committed. Rather, an acquittal of robbery translates into the jury's finding that either: (1) no force had been employed in the transaction that constituted a completed or attempted theft, including in flight after a completed or attempted

---

2. The ethnic intimidation statute provides for culpability "if [defendant] with malicious intention toward [race of victim] ... commits an offense **under any provision of this article** [or under specific sections]". 18 Pa.C.S. § 2710(a). Thus, a conviction for ethnic intimidation requires a violation of an additional provision of the crimes code.

3. The robbery statute provides, in relevant part:

> (1) A person is guilty of robbery if, **in the course of committing a theft,** he:
>> (i) inflicts serious bodily injury upon another;
>> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

>> (iii) commits or threatens immediately to commit any felony of the first or second degree;
>> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or
>> (v) physically takes or removes property from the person of another by force however slight.
> (2) **An act shall be deemed "in the course of committing a theft"** if it occurs in an attempt to commit theft or in flight after the attempt or commission.

18 Pa.C.S.A. § 3701 (emphasis added).

theft, or (2) that if force was employed, it did not occur during a completed or attempted theft, or in the flight after either. Indeed, **the broad wording of the offense of robbery negates, for the most part, the crime of attempted robbery as any overt attempt to commit theft will constitute robbery if the requisite force is employed.**

*Id.* at 1221 (emphasis added).

¶ 9 Thus, the appellant in *Austin, supra,* was entitled to relief because the broad wording of the robbery statute requires that the fact-finder consider more than whether theft was completed; liability for conviction of robbery attaches even if force is used during the **attempt** of theft. If a jury acquits on robbery, it has found conclusively that either the requisite force is missing, or that the theft was neither completed **nor attempted.** The appellant in *Austin* was found guilty of murder, so the element of force was not in question; the acquittal "translates to a determination . . . that [the victim] was not killed in the course of committing a theft, an attempt to commit theft or in flight after the attempt or commission of a theft." *Id.* at 1221.

■ ¶ 10 The theft statute in the present case is not so broadly worded. A conviction for theft by unlawful taking requires that the accused "takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Unlike the robbery statute, the theft statute does not incorporate attempt or flight from an attempt, and the jury was not instructed that it could consider attempt.[4] An acquittal of theft merely translates to a finding

that no theft was actually completed. Thus, for a jury to acquit on theft does not require it to acquit on robbery; the elements of theft are not sufficiently intertwined with those of robbery to compel such a result. A conviction for robbery does not require proof of a completed theft, it requires only that the requisite force was used "in the course of committing a theft," which is statutorily defined as "an attempt to commit theft or in flight after the attempt or commission." 18 Pa. C.S.A. § 3701(a)(2). The acquittal for theft did not preclude the jury from finding that Appellant used requisite force during "an attempt to commit theft," in satisfaction of the robbery statute. *See Id.*

■ ¶ 11 Thus, as the Commonwealth correctly points out, the acquittal for theft is a finding only that theft was not completed beyond a reasonable doubt. The broad language of the robbery statute leaves the jury free to convict on robbery even when it finds no theft was completed, as it apparently did in the instant case. The Commonwealth's witness testified that Appellant entered the bar, put a gun to her neck, and demanded money. This testimony alone supports a conviction for robbery. Accordingly, the acquittal of theft does not require an acquittal of robbery.

¶ 12 Judgment of sentence affirmed.

**4.** We recognize that our Supreme Court recently held that attempt of a substantive offense is a lesser included offense of that offense, and thus a fact-finder could convict on attempt even when it has not been charged. *Commonwealth v. Sims,* 591 Pa. 506, 919 A.2d 931 (2007). However, in the instant case no jury instruction on attempt was requested or given, no specific finding with regard to attempt was made, and this issue was not raised in the instant appeal.