J-S40014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD OMAR ROQUE-GONZALEZ, | |
| Appellant | No. 1893 MDA 2013 |

Appeal from the Judgment of Sentence September 19, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002985-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 26, 2014**

Richard Omar Roque-Gonzalez appeals from the judgment of sentence of twelve to twenty-five years' incarceration, imposed on September 19, 2013, following a jury trial resulting in his conviction for robbery, aggravated assault, simple assault, recklessly endangering another person, disorderly conduct, and harassment.[1]  We affirm.

The evidence at trial established the following:  In the afternoon of June 3, 2012, Fernando Pindeda was on his lunch break, sitting outside in the 100 block of South 8th Street in the City of Reading, Pennsylvania. Appellant, along with two other individuals, approached Mr. Pindeda and

---

[1] Respectively, 18 Pa.C.S. §§ 3701(a)(1)(i), 2702(a)(1), 2701(a)(1), 2705, 5503(a)(4), and 2709(a)(1).

asked for money. Mr. Pindeda knew Appellant from the neighborhood. He refused to give any money to Appellant and pushed Appellant. Appellant pulled a gun, shot Mr. Pindeda, and fled the scene. A single bullet struck Mr. Pindeda in an ankle, passed through, and lodged in his other leg. Neither Appellant nor his accomplices took any money or property from Mr. Pindeda.

We highlight the following testimony of Mr. Pindeda:

Q    Okay. And, sir, you said three individuals came up to you?

A    Yes.

Q    What did those individuals do?

A    They asked for the money I had in my pocket.

Q    And what did you do?

A    I didn't give it to them.

Q    Now, these three individuals, had you ever seen any of them prior to that date?

A    Yes, and he is here.

Q    Okay. And, sir, where have you seen that individual prior to that date?

A    In front.

Q    Okay. In front of what?

A    In front of the place I was working.

…

Q    Okay. And, sir, you said that these individuals demanded your money and that you did not give it to them?

A    No.

Q    What else did you do?

A    I didn't want to give it to them.  I stood up, pushed them, and sat down again.

Q    Okay.  And what happened when you sat down again?

A    One of them shot at me.

Notes of Testimony (N.T.), 07/10-11/2013, at 63-64.

Following this incident, Mr. Pindeda positively identified Appellant on several occasions: (1) in a photo array presented to him on June 4, 2012 (the day after the shooting), which was compiled after he gave a detailed description of Appellant to the police;[2] (2) at the preliminary hearing held June 15, 2012; and (3) at trial.  Nevertheless, on two different occasions, Mr. Pindeda refused to identify Appellant: (1) when the police initially presented the photo array to Mr. Pindeda on June 3, 2012, shortly after his assault, and (2) during his initial testimony at the preliminary hearing.

During his trial testimony, Mr. Pindeda explained that he refused to identify Appellant at first because he was "in a lot of pain."  N.T. at 73.  The testimony of Officer Aaron Demko indicated that Mr. Pindeda had not yet received any pain medication for his injuries.  **See** N.T. at 136-37.  Mr. Pindeda further testified that he initially refused to identify Appellant at the preliminary hearing because a friend of Appellant had threatened him.  **See**

---

[2] Mr. Pindeda described Appellant as a Puerto Rican male, who wore his hair in a ponytail and whose lip is pierced.  **See** N.T. at 133.

N.T. at 76; **see also** N.T. at 85 ("Q[:] And, sir, what were you afraid of? …

A[:] That if I told the truth, I was going to be killed.").

Following his conviction, the trial court sentenced Appellant to seven to fifteen years' incarceration for robbery, to be followed by five to ten years' incarceration for aggravated assault. The court imposed a consecutive, one-year period of probation for disorderly conduct. All other charges merged for sentencing purposes.

Appellant timely filed post-sentence motions challenging the sufficiency and weight of the evidence, as well as discretionary aspects of his sentence. The trial court denied his motions without a hearing. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

On appeal, Appellant first challenges the sufficiency of the evidence presented in support of his conviction. **See** Appellant's Brief at 6.[3]

> The standard for reviewing the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses beyond a reasonable doubt.

**Commonwealth v. Mitchell**, 839 A.2d 202, 205 (Pa. 2003) (citing

**Commonwealth v. Miller**, 664 A.2d 1310, 1314 (Pa. 1995)). The fact-finder resolves questions of credibility and weight and "is free to believe all,

---

[3] Appellant does not challenge his sentence on appeal.

part, or none of the evidence." ***Commonwealth v. Ramtahal***, 33 A.3d 602, 607 (Pa. 2011) (citing ***Commonwealth v. Laird***, 988 A.2d 618, 624 (Pa. 2010)).

Appellant's challenge to the sufficiency of the evidence is limited to his conviction for robbery. In order to sustain Appellant's conviction for robbery, the Commonwealth must prove that, in the course of committing a theft, Appellant inflicted serious bodily injury upon Mr. Pindeda. ***See Commonwealth v. Uderra***, 706 A.2d 334, 341 (Pa. 1998); ***Commonwealth v. Robinson***, 936 A.2d 107, 110 (Pa. Super. 2007); 18 Pa.C.S. 3701(a)(1)(i). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S. § 3701(a)(2). An attempted theft occurs when a defendant performs an act that constitutes "a substantial step" toward the commission of a theft. ***Commonwealth v. Ennis***, 574 A.2d 1116, 1120 (Pa. Super. 1990); 18 Pa.C.S. § 901(a).

Appellant contends that the Commonwealth failed to present any evidence that he committed or attempted to commit a theft.[4] According to Appellant, the Commonwealth merely established that Appellant was "in the vicinity of the crime scene." Appellant's Brief at 16. Appellant suggests to

_____

[4] Appellant concedes that the evidence was sufficient to establish that Appellant inflicted serious bodily injury upon Mr. Pindeda. ***See*** Appellant's Brief at 17.

the contrary that the evidence demonstrated that Mr. Pindeda believed Appellant and his companions were playing a prank, that Mr. Pindeda assaulted Appellant, and that, afterwards, this incident "unfortunately turned violent." Appellant's Brief at 17. Thus, Appellant concludes, the Commonwealth did not establish robbery. We disagree.

Based upon the testimony of Mr. Pindeda, the jury could reasonably infer that Appellant's demand for money was no mere request or prank, but rather something more sinister. Appellant confronted Mr. Pindeda accompanied by two other individuals, not alone, and Mr. Pindeda felt sufficiently threatened to protect himself. Taking this evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that Appellant took a substantial step toward the commission of a theft.[5] Thus, when considered along with evidence that Appellant inflicted serious bodily injury upon Mr. Pindeda, the Commonwealth presented sufficient evidence that Appellant committed robbery.

_____

[5] The testimony is unclear as to whether Appellant asked Mr. Pindeda for money, or if it was one of his companions. Appellant does not raise this distinction in his argument. Nevertheless, the lack of clarity does not impact our analysis. As noted by the Commonwealth, "[a] person is legally accountable for the conduct of another person when he is an accomplice of such other person[.]" 18 Pa.C.S. § 306(b)(3). "An accomplice is one who knowingly and voluntarily cooperates with or aids another in the commission of a crime." **Commonwealth v. Calderini**, 611 A.2d 206, 208 (Pa. Super. 1992) (internal quotation marks omitted); 18 Pa.C.S. § 306(c)(1)(ii).

Appellant also challenges each of his convictions based upon the weight of the evidence. *See* Appellant's Brief at 6. Appellant asserts Mr. Pindeda's testimony was impeached (to the extent he failed to identify Appellant consistently) and, thus, wholly incredible. Further, Appellant highlights what he deems deficiencies in the evidence collected by police, including an absence of physical evidence linking him to the crime.

A trial court's decision to deny a post-sentence motion challenging the weight of the evidence is "the least assailable of its rulings." *Commonwealth v. Nypaver*, 69 A.3d 708, 717 (Pa. Super. 2013) (internal quotation omitted).

> [W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003)).

We have reviewed the evidence and the trial court's opinion. The jury's verdict does not shock one's sense of justice, and we discern no abuse of the court's discretion in ruling on Appellant's weight claim. "Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact-finder to resolve." *Id.* (citing *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003)); *see also Ramtahal*, 33 A.3d at 607.

Here, though Mr. Pindeda refused or was otherwise unable to identify Appellant on two occasions, he nonetheless positively identified Appellant several times, including at trial. Moreover, evidence suggesting Mr. Pindeda was threatened with further violence should he choose to testify against Appellant provided the jury with a reasonable explanation for his reluctance at the preliminary hearing. Thus, the jury was free to judge Mr. Pindeda's trial testimony credible and convincing. Further, in light of Mr. Pindeda's eyewitness testimony, the absence of physical evidence, such as bullet casings recovered from the crime scene, in no way undermines the jury's verdict. *Sanders*, 42 A.3d at 331; *Ramtahal*, 33 A.3d at 607.

For the above reasons, Appellant's sufficiency and weight of the evidence claims are without merit. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014