J-S10005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOWARD SMITH, | |
| Appellant | No. 2980 EDA 2013 |

Appeal from the Judgment of Sentence August 23, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003148-2013

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 05, 2015**

Appellant, Howard Smith, appeals from the judgment of sentence imposed following his bench conviction of robbery and attempted theft.[1] Specifically, Appellant challenges the sufficiency and weight of the evidence. We affirm.

We take the following facts and procedural history from the trial court's March 27, 2014 opinion and the trial transcript.  On February 13, 2013, at approximately 2:30 P.M., Appellant, with the intent of committing a robbery, entered the PNC Bank at 1511 Walnut Street, Philadelphia, where Tara T. Collins-Wiggins was working as a teller.  Unarmed and without a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(vi) and 901(a), respectively.

mask, Appellant approached Ms. Collins-Wiggins, telling her, and also handing her a note that read, "This is a robbery." (N.T. Trial, 8/23/13, at 13; *see id.* at 12). Ms. Collins-Wiggins' first reaction was shock. Then, in response, Ms. Collins-Wiggins testified that she started "giggling, like, are you serious[.]" (*Id.* at 12). Appellant repeated, "This is a robbery." (*Id.*). Ms. Collins-Wiggins asked him, "Okay, what would you like?" (*Id.*). Appellant turned and exited the bank without taking any money.

The incident was captured on surveillance video. Police arrested Appellant five days later. He admitted to the officers that he handed Ms. Collins-Wiggins the note and he testified at trial that he intended to rob the bank, but changed his mind after seeing Ms. Collins-Wiggins' reaction.

The Commonwealth filed an information against Appellant on March 18, 2013, and the one-day waiver trial occurred on August 23, 2013.[2] The trial court convicted Appellant of the foregoing charges and, the same day, it

---

[2] The Commonwealth originally charged Appellant with attempted first degree robbery, but immediately before the bench trial, orally withdrew the charge of "attempted robbery," and amended this to robbery of the second degree pursuant to 18 Pa.C.S.A. § 3701(a)(1)(vi). (*See* N.T. Trial, 8/23/13, at 7-8). Defense counsel had no objection to either amendment. (*See id.* at 8). The trial court docket incorrectly identifies Appellant as having been convicted of 18 Pa.C.S.A. § 3701(a)(1)(iv). (*See* Trial Court Docket, at 3). However, the trial court and the parties agree that the Commonwealth "proceed[ed] under Section [(a)](vi)[] of the robbery statute." (N.T. Trial, 8/23/13, at 8); (*see also* Trial Court Opinion, 3/27/14, at 5; Appellant's Brief, at 8).

sentenced him to an aggregate term of not less than two nor more than four years' incarceration. Appellant timely appealed on September 4, 2013.[3]

Appellant raises two issues for this Court's review:

I.    Is [Appellant] entitled to an arrest of judgment on the charges of [r]obbery and [a]ttempted [t]heft where there is insufficient evidence to sustain the verdict and where [Appellant] clearly renunciated his intention of committing a crime at the scene of a purported bank robbery?

II.   Is [Appellant] entitled to a new trial where the greater weight of the evidence demonstrated that [Appellant] renunciated whatever intent he may have had in robbing a bank in Center City Philadelphia?

(Appellant's Brief, at 3).[4]

In his first issue, Appellant challenges the sufficiency of the evidence supporting his robbery and attempted theft convictions. (**See id.** at 3, 7-11).

Our standard of review of this matter is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for

_____

[3] Appellant filed a timely statement of errors complained of on appeal pursuant to the court's order, on February 19, 2014. **See** Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion on March 27, 2014. **See** Pa.R.A.P. 1925(a).

[4] The Commonwealth failed to file a brief although it requested, and this Court granted, an extension until December 16, 2014 within which to do so. (**See** Per Curiam Order, 10/16/14).

the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014) (citation omitted).

Here, Appellant argues first that, because "[he] did not take any money[,] nor did he remove any money[,] . . . the Commonwealth's evidence fell woefully short of establishing the elements of the crime[]" of robbery pursuant to 18 Pa.C.S.A. § 3701(a)(1)(vi). (Appellant's Brief, at 9). Conversely, at trial, the Commonwealth asserted, and the court agreed, that Appellant committed a robbery pursuant to section 3701(a)(1)(vi) because he attempted to commit a theft of a financial institution, even though no property was taken. (***See*** N.T. Trial, 8/23/13, at 36, 42; ***see also*** Trial Ct. Op., at 6). Appellant's argument lacks merit.

As already noted, in this case, the Commonwealth elected to proceed under subsection Section 3701(a)(1)(vi). (***See*** N.T. Trial, 8/23/13, at 7-8). Section 3701 of the Crimes Code provides, in pertinent part:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

\* \* \*

(vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

(3) For purposes of this subsection, a "financial institution" means a bank, trust company, savings trust, credit union or similar institution.

18 Pa.C.S.A. § 3701(a)(1)(vi), (2), (3).

An attempted theft is committed when a person, with intent to commit a theft, does any act which constitutes a substantial step toward commission of the theft. 18 Pa.C.S.A. § [901(a)]. A person commits a theft if he or she "unlawfully takes . . . movable property of another with intent to deprive him thereof." 18 Pa. C.S.A. § 3921(a).

*Commonwealth v. Ennis*, 574 A.2d 1116, 1119 (Pa. Super. 1990).

Further, it is well-settled that:

the offense of robbery is broadly worded and[] . . . contains a predicate offense, that offense being theft[.] . . . [**R**]**obbery does not require the completion of the predicate offense, theft**, but it does require that force be utilized or threatened while in the course of committing a theft . . . Indeed, the broad wording of the offense of robbery negates, for the most part, the crime of attempted robbery, as **any overt attempt to commit theft will constitute robbery if the requisite force is employed.**

*Commonwealth v. Robinson*, 936 A.2d 107, 109-10 (Pa. Super. 2007), *appeal denied*, 948 A.2d 804 (Pa. 2008) (citation and some emphasis omitted). "This force, of course, may be either actual or constructive. Actual force is applied to the body; constructive force is the use of threatening words or gestures, and operates on the mind." *Commonwealth v. Brown*, 484 A.2d 738, 741 (Pa. 1984) (case citation omitted).

Here, Appellant admitted that he entered PNC Bank with the intent to commit a robbery. (*See* N.T. Trial, 8/23/13, at 25-26). Also, it is undisputed that he told the teller that "This is a robbery[,]" and handed her a note that stated the same thing. (*Id.* at 12-13; *see id.* at 26).

Accordingly, we conclude that the trial court properly found that the evidence was sufficient where the Commonwealth established that Appellant was attempting a theft, *see* 18 Pa.C.S.A. § 3701(a)(1), and that he took a substantial step in the commission of a robbery when he demanded money from the bank teller "with the intent to deprive the financial institution thereof." 18 Pa.C.S.A. § 3701(a)(1)(vi); *see also Robinson*, *supra* at 109-10; *Commonwealth v. Gibson*, 688 A.2d 1152, 1169 (Pa. 1997) (finding defendants perpetrated felony robbery where they took substantial step in fulfilling plan to steal). Appellant's challenge of the sufficiency of the evidence to support his conviction lacks merit. *See Harden*, *supra* at 11.

Next, Appellant alleges that the evidence was insufficient to support his conviction where he "renounced" the crime. (Appellant's Brief, at 10). We disagree.

Pursuant to section 901(c) of the Crimes Code:

**(c) Renunciation.—**

(1) In any prosecution for an attempt to commit a crime, it is a defense that, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, the defendant avoided the commission of the crime attempted by abandoning his criminal effort and, if the mere abandonment was insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof.

(2) A renunciation is not "voluntary and complete" within the meaning of this subsection if it is motivated in whole or part by:

(i) a belief that circumstances exist which increase the probability of detection or apprehension of the defendant or another participant in the criminal enterprise, or which render more difficult the accomplishment of the criminal purpose[.]

18 Pa.C.S.A. § 901(c)(1), (2)(i).

Here, it is undisputed that, after attempting to rob PNC Bank, Appellant left without any money. (*See* N.T. Trial, 8/23/14, at 12-13, 25-27). Although Appellant testified that he left "[b]ecause he came to his senses [and] realized that stealing was wrong[,]" (*Id.* at 28), the trial court as factfinder was "free to believe all, part or none of the evidence" and to determine the credibility of the witnesses. *Harden*, *supra* at 111.

Therefore, it could have reasonably believed that the unmasked Appellant abandoned the attempted theft and bank robbery due, in whole or in part, to fear of detection. *See* 18 Pa.C.S.A. § 901(c); *see also, e.g.*, *Commonwealth v. Alexander*, 722 A.2d 698, 701-02 (Pa. Super. 1998), *appeal denied*, 794 A.2d 359 (Pa. 1999) (finding defense of renunciation inapplicable where appellant took substantial step in committing attempted forgery, and only abandoned criminal act due to increased fear of detection); *Commonwealth v. Martin*, 452 A.2d 1066, 1070-71 (Pa. Super. 1982) (finding defense of renunciation did not apply where appellant took substantial step in committing attempted rape, and only abandoned criminal act after victim faked asthma attack). Accordingly, we conclude that the trial court properly found that the evidence was insufficient to establish the defense of renunciation. *See Harden*, *supra* at 111. Appellant's first issue does not merit relief.

In his second issue, Appellant challenges the weight of the evidence. (*See* Appellant's Brief, at 3, 12). This issue is waived.

Pursuant to Pennsylvania Rule of Criminal Procedure 607:

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

    (1) orally, on the record, at any time before sentencing;

    (2) by written motion at any time before sentencing; or

    (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

Presently, our review of the record reveals that Appellant failed to raise his weight of the evidence claim with the trial court. Therefore, we deem his second issue waived for our review. *See Commonwealth v. Washington*, 825 A.2d 1264, 1266 (Pa. Super. 2003) (finding weight of the evidence issue waived where appellant failed to comply with Pa.R.Crim.P. 607).[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015

---

[5] Even if we did not find this issue waived, it would lack merit. "The trial court, in the exercise of its discretion, may award a new trial on the basis that the verdict is against the weight of the evidence if the verdict is so contrary to the evidence as to shock one's sense of justice." *Washington*, *supra* at 1266 n.2 (citation omitted). Our review of the record does not reveal a verdict that is shocking to "one's sense of justice." *Id.*