J-A15007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TANISHA HINES, | |
| Appellant | No. 3257 EDA 2013 |

Appeal from the Judgment of Sentence November 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003083-2013

BEFORE:  BOWES, MUNDY, AND FITZGERALD* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 14, 2015**

Tanisha Hines appeals from the judgment of sentence of three years probation.  We reverse Appellant's convictions of robbery and theft and remand for resentencing.

On December 12, 2012, Appellant was charged in connection with events that occurred the previous day on Price Street, Philadelphia. Appellant and her co-defendant, her cousin Tericka Hines, proceeded to a nonjury trial on May 23, 2013, when the Commonwealth adduced the following proof by its sole witness, Margaret Akano.

At approximately 7:40 p.m. on December 11, 2012, Ms. Akano went to visit the co-defendants, whom she considered friends, at 5838 Wakefield Street, Philadelphia, so that Tericka could style Ms. Akano's hair.  When she

---

* Former Justice specially assigned to the Superior Court.

arrived, Ms. Akano was told by Cashmere, the co-defendants' cousin, that Tericka was upstairs. Ms. Akano and Cashmere attended school together. Before Ms. Akano arrived at the co-defendants' residence, Appellant had warned her, in a text message, that Cashmere was there and not to come. Ms. Akano thought that the message was a joke.

Ms. Akano went upstairs and sat on the bed with Tericka. Cashmere,[1] a female, entered the bedroom about two minutes later, asked what had happened, and, before Ms. Akano could respond, punched Ms. Akano in the mouth with a closed fist. Ms. Akano and Cashmere went downstairs and began to argue. Appellant and Tericka were also present, and Appellant told Cashmere to "let [Ms. Akano] leave" and tried to break up the fight. N.T. Waiver Trial, 5/23/13, at 17, 26. Cashmere responded that Ms. Akano could leave but said to the victim, "[W]hen you leave out the door I'm going to hit you again." *Id*. As Ms. Akano left the house, Cashmere struck her again, but Ms. Akano walked away.

Cashmere, Appellant, and Tericka began to follow Ms. Akano down the street. Once Ms. Akano reached Price Street, Appellant told Ms. Akano to fight Cashmere, but Ms. Akano responded that she did not want to. Appellant then said, "[P]ass me your bag, you all can have a one-on-one

_____

[1] Cashmere was a juvenile at the time of the incident, and was charged in the juvenile system. N.T. Waiver Trial, 5/23/13, at 18.

fight[.] *Id*. at 19. When Ms. Akano again refused, Appellant "snatched the bag" and "threw it down" on Price Street. *Id*. at 19, 21. The bag was thrown across the street, to the other side of Price Street. *Id*. at 20. Ms. Akano was asked specifically why Appellant removed the purse from Ms. Akano's arm. The cross-examination by Appellant's attorney was as follows:

> Q. And the whole time you were out on the street my client [Appellant], you testified, did you not, my client said to you, 'just fight her, just fight Cashmere.'
>
> A. Yes.
>
> Q. And at that time my client took your bag and put it down on the street so you could have your hands free to fight Cashmere; right?
>
> A. She snatched my bag out of my hand.
>
> Q. Right. And she did that at the time she was encouraging you to put your dukes up and fight Cashmere; right?
>
> A. Right.

*Id*. at 31.

Ms. Akano testified on direct examination that, after Appellant removed her purse from her arm and threw it across the street, Appellant, Cashmere, and Tericka began to assault Ms. Akano. Ms. Akano blocked their blows and ten to fifteen minutes later, "[s]ome guy from the neighborhood came over and said 'all right, all right, you got her' and then they [Cashmere, Appellant, and Tericka] just walked off." *Id*. at 20. Ms. Akano retrieved her purse, which was still located on Price Street. *Id*. at 21.

The only item missing from the bag was Ms. Akano's cell phone. Although Ms. Akano did not want to call police, she started to search for the phone. Police arrived on the scene due to a call from an anonymous woman. Ms. Akano saw a young boy hand police her cell phone, which had a cracked face. The Commonwealth agreed that an unknown person had returned the cracked cell phone to police at the scene of the assault. The record fails to indicate where the cell phone was located when it was discovered by the boy. Ms. Akano admitted that she did not see who took the phone from her purse. *Id*. at 28-29.

Appellant was charged with robbery (purse and cell phone), conspiracy, theft by unlawful taking (purse and cell phone), receiving stolen property (purse and cell phone), simple assault, and reckless endangerment. The trial court found her guilty of felony robbery by physically removing property by force, however slight. Appellant was also adjudged guilty of theft by unlawful taking, receiving stolen property, conspiracy to commit simple assault, and simple assault. On November 3, 2013, after denying Appellant's motion for judgment of acquittal as to the robbery and theft counts, the court sentenced her to three years probation. In this appeal, Appellant raises one contention: "Was the evidence insufficient to support Appellant's robbery and theft conviction because the Commonwealth failed to prove beyond a reasonable doubt that Appellant acted with the intent to deprive the complaint of her [property]." Appellant's brief at 3.

Initially, we observe: "In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt." **Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa.Super. 2015).

Appellant was convicted of robbery under 18 Pa.C.S. § 3701(a)(1)(v), which provides that a person is "guilty of robbery if, in the course of committing a theft, he . . . . physically takes or removes property from the person of another by force however slight[.]" Appellant likewise challenges her theft conviction. The crime of theft by unlawful taking occurs when, in pertinent part, a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." The Crimes Code defines deprive, as:

> (1) To withhold property of another **permanently or for so extended a period as to appropriate a major portion of its economic value**, or with intent to restore only upon payment of reward or other compensation, or

> (2) to dispose of the property so as to make it unlikely that the owner will recover it.

18 Pa.C.S. § 3901 (emphasis added).

For a person to be guilty of theft, "the actor's intention or conscious object must be to take unlawfully the property of another for the purpose of

- 5 -

depriving the other of his or her property." ***Commonwealth v. Dombrauskas***, 418 A.2d 493, 496-97 (Pa.Super. 1980). Theft is a predicate offense for robbery and an element of the crime. ***Commonwealth v. Robinson***, 936 A.2d 107 (Pa.Super. 2007). Thus, the specific intent to deprive another of his or her property is likewise needed to support a robbery conviction. ***Commonwealth v. Stewart***, 547 A.2d 1189, 1191 (Pa.Super. 1988) ("The specific intent to deprive is required for a robbery conviction.").

Appellant's position is straightforward. The Commonwealth's proof failed to establish that she intended to deprive Ms. Akano of either her purse or the cell phone permanently or for an extended period. She points out that Ms. Akano admitted that her purse was removed from her arm solely for the purpose of freeing that arm to fight Cashmere. The purse was then thrown across the street. There was no proof at all that Appellant looked into the purse or removed any of its contents. To the contrary, Ms. Akano plainly stated that, immediately after throwing the purse across the street, Appellant began to participate in the assault. Ms. Akano admitted that she did not know who removed her cell phone from her purse. The assault lasted ten to fifteen minutes before a man verbally stopped the altercation. Thereafter, Appellant, who could have taken the purse with her, simply walked away with her two cohorts.

The victim then picked up her purse, which had been left behind on Price Street. She could not immediately find the phone, but saw a boy hand it to police when they arrived on the scene. The Commonwealth never established that there was any connection between Appellant and the boy who returned the damaged cell phone to the police. They also failed to provide any indication of where the phone was located when it was discovered.

We agree with Appellant's position. Theft of the purse did not occur when the purse was flung out of the way and promptly ignored by Appellant. The victim recovered her purse within fifteen minutes of that activity. Thus, the victim was not deprived, as the term is defined in the Crimes Code, of her purse. The trial court premised its theft and robbery convictions on the cell phone. It leapt to an unsupported conclusion that Appellant "broke the cell phone and disposed of [it] in a direction that Ms. Akano was unable to observe. The damage to the cell phone demonstrates Defendant did not intend to return the phone to Ms. Akano after they finished fighting." Trial Court Opinion, 1/22/15, at 4. Simply put, there was not a scintilla of proof, circumstantial or otherwise, to support a finding that Appellant touched, much less threw away, the cell phone.

The victim plainly stated that Appellant removed her purse and threw it across the street and then started to fight her. She never said that Appellant either looked or reached into the purse. She never testified that

Appellant reached into the purse and threw an object from it. Instead, Ms. Akano admitted that Appellant demanded to take the purse solely for the purpose of freeing Ms. Akano's arm so that she could fight Cashmere. Ms. Akano reported that Appellant began to participate in the assault immediately after throwing the bag across Price Street. When the man stopped the fight, Appellant walked away. Ms. Akano did not report that Appellant touched her purse after the assault and instead admitted that she was unaware of who might have removed the cell phone from the purse. The Commonwealth provided no evidence as to where the cell phone was found or who recovered it or whether that stranger was connected to Appellant.

While we are aware that the Commonwealth may prove its case based upon circumstantial evidence, in this case, there was none to support a finding that Appellant touched the cell phone. Indeed, the only inference from the evidence presented is that the cell phone fell from the purse when Appellant threw it across the street.

It is established that a conviction cannot be based upon speculation and conjecture and that the Commonwealth's evidence must establish the elements of the offense. Thus, while all reasonable inferences from the evidence must be made in favor of the Commonwealth, those "inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence."

*Commonwealth v. Robinson*, 817 A.2d 1153, 1158 (Pa.Super. 2003) (it was pure speculation that assailant intended to cause victim serious bodily injury by striking her once on the back with a gun, rendering aggravated assault conviction infirm); *Commonwealth v. Scott*, 597 A.2d 1220, 1221 (Pa.Super. 1991) (overturning arson and risking catastrophe convictions where there was no proof that defendant wanted to cause a fire when the evidence was that she squirted lighter fluid at her boyfriend during a fight and left the room); *see also Commonwealth v. Swerdlow*, 636 A.2d 1173 (Pa.Super. 1994) (defendant's conviction of conspiracy could not be upheld where only evidence presented against him was that actual perpetrator of burglary used a crawlspace in defendant's residence to access victim's home).

Given the lack of proof that Appellant touched any content of Appellant's purse and the victim's admission that Appellant threw it across the street solely to allow the victim to fight, and since purse and cell phone were left at the scene and quickly recovered by Ms. Akano, we cannot permit Appellant's robbery and theft convictions to stand.

Convictions for robbery and theft reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2015