J. S29044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                                  :           PENNSYLVANIA

                v.                      :

                                  :

RANDY K. FOXWELL,                  :           No. 2243 EDA 2018

                                  :

              Appellant      :


Appeal from the Judgment of Sentence Entered February 16, 2018,
in the Court of Common Pleas of Montgomery County
Criminal Division at No. CP-46-CR-0007851-2016


BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 12, 2019**

Randy K. Foxwell appeals from the February 16, 2018 judgment of sentence entered in the Court of Common Pleas of Montgomery County following his conviction in a jury trial of two counts of robbery and one count each of criminal conspiracy to commit robbery and simple assault.[1] Appellant received an aggregate sentence of 10 to 20 years' imprisonment.[2] We affirm.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and (iv), 903, and 2701(a)(1), respectively. We note that the trial court found appellant guilty of driving under the influence ("DUI") pursuant to 75 Pa.C.S.A. § 3802(a)(1) and sentenced appellant to 6 months' probation and ordered him to pay a $300 fine. (Notes of testimony, 8/4/17 at 66; **see also** sentencing order, 2/16/18.)

[2] The record reveals that the trial court sentenced appellant for his conviction of robbery – Section 3701(a)(1)(ii) – felony of the first degree, but did not impose a sentence for his conviction of robbery – Section 3701(a)(1)(iv) – felony of the second degree. (Sentencing order, 2/16/18; **see also** sentencing hearing transcript, 2/16/18 at 11.) Pursuant to 42 Pa.C.S.A. § 9714(a)(1), appellant was sentenced to a minimum of 10 years'

The trial court set forth the following factual and procedural history:

> The offenses for which [appellant] was convicted took place on August 10, 2016, on Interstate 76, Montgomery County, Pennsylvania.
>
> On that date, a van being operated by [appellant] hit another vehicle while merging onto Interstate 76 from Route 202. [Appellant's] vehicle struck a commercial crane truck, driven by Brian Bileyu. Mr. Bileyu testified at trial that the van being driven by [appellant] veered into the passenger side of his crane truck, leaving a small scuff mark on the crane and a broken mirror and paint scratches on the driver side of the van.
>
> Mr. Bileyu further testified that initially after the accident he pulled off onto the side of the road. [Appellant] did not immediately do so, rather he steered the van next to the crane truck, and yelled at the driver through his open window. [Appellant] then pulled the van onto the side of the road, and he and the front seat passenger in the van, Jeffrey Jones, Jr., got out, walked over to the driver['] side window of the crane truck, and tried to open the door.
>
> It was the testimony of Mr. Bileyu, that upon coming over to the driver's side window of the crane truck, [appellant] and Mr. Jones attempted to open the door to the crane truck and were "demanding money saying we will rob you and do all of this stuff." The two men insisted that Mr. Bileyu give them his wallet and give them a check. Once Mr. Bileyu did not cooperate[,] the two men began punching him in the face and mouth. As the men continued punching him, it is the testimony of Mr. Bileyu, that the passenger in the van, Mr. Jones[,] continued to tell Mr. Bileyu that he was going to pay them. Mr. Jones then informed Mr. Bileyu that he had a gun, which Mr. Bileyu did observe. Eventually, a female passenger who had

imprisonment for the conviction of his current crime of violence, in this case robbery, because in 1992 appellant was convicted of a previous crime of violence, also robbery. (Sentencing hearing transcript, 2/16/18 at 10.)

been waiting in the van approached [appellant] and Mr. Jones and spoke to the men, which ultimately resulted in [appellant] and Mr. Jones leaving Mr. Bileyu alone in the crane truck. [Appellant] and Mr. Jones got into their van and drove away.

Sergeant William Charles Slaton, of the State Police, also testified at trial. It was the testimony of Sergeant Slaton that he arrived on the scene as [appellant] was being handcuffed. Sergeant Slaton observed that [appellant] appeared disheveled, was very irate, and he smelled strongly of alcohol. In addition, Sergeant Slaton observed [appellant] urinate on himself while in the back of a police car on the scene.

Upon conclusion of the two-day Jury trial, [appellant] was found guilty as to all counts. [Appellant] was sentenced on February 16, 2018. [Appellant] then filed a *pro se* post-sentence motion on February 26, 2018. Subsequent to the *pro se* filing, by order dated March 6, 2018, this Court appointed new counsel, Attorney Henry Hilles, III[,] to review the post-sentence motion and either amend it or seek additional time for the motion to be ruled upon.[Footnote 6] Mr. Hilles opted to amend [appellant's] *pro se* motion, and on May 1, 2018, filed an Amended Post-sentence Motion on behalf of [appellant]. This Court denied [appellant's] Post-sentence Motion by order dated June 25, 2018. On July 24, 2018, [appellant] filed a timely notice of direct appeal to the Superior Court of Pennsylvania. By order dated July 26, 2018, the [trial court] directed [appellant] to file a [concise] statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). This Court received [appellant's Rule] 1925(b) statement on August 16, 2018.

> [Footnote 6] On March 9, 2018, while unaware of Mr. Hilles' representation, [appellant] filed a *pro se* notice of direct appeal. Mr. Hilles petitioned the Superior Court to have that appeal withdrawn,

which was granted by order dated June 4,
2018.

Trial court opinion, 9/18/18 at 1-4 (citations to notes of testimony and footnote 5 omitted). The trial court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> 1. Was the evidence at trial sufficient for the jury to find [a]ppellant guilty of the crime of robbery (and by extension criminal conspiracy to commit robbery)?
>
> 2. Was the finding of guilt for the crimes of robbery (and by extension criminal conspiracy to commit robbery) against the weight of the evidence?

Appellant's brief at 2.[3]

Appellant first claims the evidence was insufficient to support his robbery conviction. Our standard and scope of review for a sufficiency of the evidence claim is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note

---

[3] Appellant's Rule 1925(b) statement reveals that he failed to raise sufficiency and weight claims challenging the conviction for criminal conspiracy to commit robbery. Therefore, those claims are waived pursuant to Pa.R.A.P. 1925(b)(4)(vii). *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (stating, "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."), *re-affirming, Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998).

that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa.Super. 2004) (citation omitted), *appeal denied*, 862 A.2d 1254 (Pa. 2004).

Robbery is defined, in pertinent part, as follows:

### § 3701. Robbery

### (a) Offense defined.--

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; . . .

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

18 Pa.C.S.A. § 3701(a)(1)(ii) and (iv). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." *See id.* at § 3701(a)(2); *see also Commonwealth v. Robinson*, 936 A.2d 107, 110 (Pa.Super. 2007) (citation omitted) (holding that, "any overt attempt to commit theft will constitute robbery if the requisite force is employed" and the jury is "free to convict on robbery even when it finds no theft was completed."). "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

Here, appellant argues that although he punched Mr. Bileyu several times and demanded that Mr. Bileyu pay for the damage to his vehicle, appellant was only attempting to collect restitution for the damage to his vehicle and "ultimately drove away from the scene without taking or accepting any money." (Appellant's brief at 13-15; *see also* appellant's Rule 1925(b) statement, 8/16/18 at 1, ¶1.) In so arguing, appellant challenges the element of theft to support his conviction for robbery.

In viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, we find there is sufficient evidence to enable the jury, as fact-finder, to find that appellant attempted to unlawfully take or exercise unlawful control over Mr. Bileyu's wallet and money with the intent to deprive Mr. Bileyu of his movable property.

A review of the record reflects that after the accident, appellant pulled his van next to Mr. Bileyu's vehicle; and appellant and the passenger in appellant's van started "hollering" at Mr. Bileyu, accusing Mr. Bileyu of hitting appellant's van, and demanding that Mr. Bileyu pay appellant money. (Notes of testimony, 8/3/18 at 28.) Mr. Bileyu testified that appellant and the passenger exited the van and came to the window of Mr. Bileyu's vehicle "demanding money saying **we will rob you** and will do all this stuff." (*Id.* at 29 (emphasis added).) When asked what kind of things appellant was saying to him, Mr. Bileyu stated, "Give us your wallet. We want a check. You will write us a check. Give us your check." (*Id.* at 29-30.) Mr. Bileyu also stated that after appellant opened Mr. Bileyu's door, appellant "was trying to reach for my wallet in my pocket." (*Id.* at 32.)

The record clearly demonstrates that appellant attempted to unlawfully take or exercise control over Mr. Bileyu's wallet and money when appellant, after demanding money from Mr. Bileyu, attempted to reach into Mr. Bileyu's truck for his wallet. Therefore, appellant's sufficiency claim is without merit.

Appellant next raises a weight of the evidence claim challenging the conviction of robbery. (Appellant's brief at 2, 16-18.) Appellant contends the jury's conclusion that a theft or attempted theft occurred "defies credulity." (*Id.* at 18.) This court's standard of review when presented with a weight claim is distinct from that applied by the trial court in reviewing the claim in a post-sentence motion.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa.Super. 2014), citing *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000). The trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Horne*, 89 A.3d at 285-286 (citation omitted).

Here, appellant contends that Mr. Bileyu's testimony establishes, *inter alia*, that appellant and Mr. Bileyu were involved in a relatively minor car accident; appellant requested compensation from Mr. Bileyu for damage to appellant's vehicle; and appellant left the scene of the accident without any compensation from Mr. Bileyu. (Appellant's brief at 17.) Appellant boldly asserts that Mr. Bileyu's testimony "confirmed that no theft or attempted theft occurred at the scene of the accident." (*Id.* at 18.)

A review of appellant's brief demonstrates that appellant invites us to do nothing more than reassess Mr. Bileyu's credibility and reweigh the evidence in an attempt to convince us to reach a result different than the one reached by the trial court in denying the request for a new trial. (*See id.* at 16-18.) This is not the role of an appellate court. *See Commonwealth v. Clay*, 64 A.3d 1049, 1056 (Pa. 2013) (holding that, the role of the appellate court when addressing a weight claim is to determine if the trial court exceeded its limit of judicial discretion or invaded the province of the jury). Therefore, we decline appellant's invitation to reweigh the evidence.

After carefully reviewing the record, we discern no abuse of discretion in the trial court's denial of appellant's post-sentence motion as it relates to the weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19